UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR RUIZ ROJAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOSHUA JOHNSON, CoreCivic Acting Warden ICE Adelanto Processing Center, et al.,<br><br>　　　　　Respondents. | Case No. 5:25-cv-03164-SSS-BFM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　Before the Court is Petitioner Edgar Ruiz Rojas's Petition for Writ of Habeas Corpus, filed November 24, 2025. (ECF 1.) On December 29, 2025, Petitioner filed a Notice of Class Membership stating that he was part of the Bond Eligible Class certified in *Maldonado Bautista.* (ECF 12.) Respondents filed their Answer to the Petition on January 9, 2026. (ECF 14.) Petitioner filed a Reply on January 16, 2026. (ECF 15.) For the following reasons, the Court grants the Petition.

　　　　Petitioner is a Mexican foreign national who has been in immigration detention since September 30, 2025. (ECF 1 ¶¶ 4, 10.) Petitioner is currently detained at the Adelanto Detention Facility in Adelanto, California, is in

removal proceedings, and was denied the opportunity to have a bond hearing and be released on bond. (ECF 1 ¶¶ 10, 12.)

On November 24, 2025, Petitioner filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention, or alternatively, a bond hearing under 8 U.S.C. § 1226(a) within seven days. (ECF 1 at 15.) Petitioner alleges that his continued detention violates the Immigration and Nationality Act. (ECF 1 ¶¶ 90-94.)

Respondents filed their Response on January 9, 2026, conceding that Petitioner appears to be a member of the Bond Eligible Class certified by this Court in *Maldonado Bautista* and that Petitioner's claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. (ECF 14 at 2.)

The troubling circumstances surrounding the refusal by executive agencies to provide those in the Bond Eligible Class with bond hearings are familiar to this Court. Indeed, this Court has already found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at \*8-\*22 (C.D. Cal. Dec. 18, 2025); *see also Huerta Estrada et al. v. Noem et al.*, No. 5:25-CV-03271-SSS-BFM, 2025 WL 3691473, at \*3–4 (C.D. Cal. Dec. 10, 2025) (granting petitioner's TRO based upon DHS withholding protections that petitioners "would have otherwise been afforded under § 1226(a)."); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue).

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants** the petition for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at \*8-\*22.

Accordingly, it is ORDERED THAT:

(1) The Petition for a Writ of Habeas Corpus (ECF 1) is granted as to

Petitioner's First Claim for Relief regarding violation of 8 U.S.C. § 1226(a);

(2) Claim Two is denied as moot in light of the relief offered on Petitioner's First Claim;

(3) Respondents are enjoined from continuing to detain Petitioner unless he is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

(4) In light of the relief granted here, his notice, docketed in this Court as a motion, regarding his membership in the *Maldonado Bautista* class (ECF 12) is denied as moot.

DATED:   January 26, 2026

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE